## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:20-CV-1730 RLW |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

Self-represented plaintiff Joseph Michael Devon Engel (Missouri prison registration no. 1069055) brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $5.62. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will dismiss this case without prejudice for failure to state a claim upon which relief may be granted, and for being frivolous and malicious. *See* 28 U.S.C. § 1915(e)(2)(B).

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In his signed and sworn application to proceed *in forma pauperis*, plaintiff states that he receives $5.00 a month from the Department of Corrections but otherwise, he has received no money in the past twelve months. ECF No. 2. Plaintiff did not attach a certified inmate account statement to his application, as directed on the form motion. *See id.* at 1. However, plaintiff filed a certified inmate account statement for the relevant period in another case plaintiff filed in this Court. *See Engel v. Corizon*, 4:20-CV-1695 NAB, ECF No. 11 (E.D. Mo. filed Nov. 30, 2020). A review of plaintiff's account statement in that case indicates an average monthly deposit of $28.11 and an average monthly balance of $0.04. The Court finds plaintiff has insufficient funds to pay the entire filing fee. As such, the Court will assess an initial partial filing fee of $5.62, which is 20 percent of plaintiff's average monthly deposit. If plaintiff is unable to pay this initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered

within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While federal courts should not dismiss an action commenced *in forma pauperis* if the facts alleged are merely unlikely, the court can properly dismiss such an action as factually frivolous if the facts alleged are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke,* 490 U.S. at 327). Allegations are "clearly baseless" if they are "fanciful," "fantastic," or "delusional." *Id.* (quoting *Neitzke*, 490 U.S. at 325, 327, 328). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

An action is malicious when it is undertaken with the intent to harass or if it is part of a longstanding pattern of abusive and repetitious lawsuits. *See Lindell v. McCallum*, 352 F.3d 1107,

1109 (7th Cir. 2003); *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). *See also*
*Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (discussing that when determining whether
an action is malicious, the Court need not consider only the complaint before it but may consider
the plaintiff's other litigious conduct).

### The Complaint

Plaintiff, currently incarcerated at Missouri Eastern Correctional Center ("MECC"), seeks
relief in this matter under 42 U.S.C. § 1983. The instant complaint is one of over one-hundred-
and-thirty (130) cases filed by plaintiff with this Court in less than four months' time. On
plaintiff's form § 1983 complaint in this case, he names the same defendant twice: State of
Missouri. ECF No. 1 at 3-4. In his own words, his 'Statement of Claim' is as follows:

> Missouri counties, MODOC ignore people rights[,] Miranda rights[,] civil liberty
> rights[,] sourvin [sic] citizen, mind raping, PTSD, nightmares, health problems.
> This is everything they have done to me. Accusing me of murdering a kid and
> more[.] Almost got me killed[.] Denying medical treatment.

*Id.* at 4.

Plaintiff alleges that his injuries include denial of his rights, "mind raping," PTSD,
nightmares, charging him with crimes he did not commit, severe health problems, trying to destroy
his family, and denying his religion. *Id.* at 5. For relief, plaintiff requests "110,000 trillion" dollars
plus a list of demands. The list includes millions in stocks in various companies and commodities,
donations to various Missouri counties to make those communities better, to open a chain of banks,
to buy the US railroads, and be would like his "life back." *Id.* at 1-2, 6.

Attached to plaintiff's complaint is a long, rambling, handwritten missive to the Court.
ECF No. 1-2. The filing reiterates claims raised by plaintiff in many other cases he has filed in
this Court, including allegations concerning inadequate medical treatment, assault, failure to
accommodate plaintiff's religious diet, failure to recognize his status as a sovereign citizen,
identity theft, and a lack of hygiene and filing supplies. *Id.* at 1-3. Plaintiff also asks for copies

of court filings, case status updates, legal materials, discovery "in every case," and that the Court "to put money on [his] account" because he wants "to be able to pay [his] own way." *Id.* at 1-2. Despite plaintiff's numerous cases already pending with this Court, he requests "a lot of the 1983 forms" because he has "like 67 major lawsuits to file" and he needs "5 of them to have 50 defendants … then the rest … 44 defendants." *Id.* at 1, 3-4. Plaintiff would like the Court have a specific St. Louis area attorney contact him, and he requests a list of over forty (40) items. *Id.* at 4-12.

## Discussion

Having carefully considered the instant complaint, as well as plaintiff's recent history of engaging in abusive litigation practices, the Court finds this case subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted, and for being frivolous and malicious.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 685 (1978). However, the named defendant is not a suable defendant under § 1983, because the State of Missouri is not a "person" for § 1983 purposes. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989).

Furthermore, the State is also shielded by Eleventh Amendment immunity, which bars a citizen from bringing suit in federal court against a state. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *see also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018)

("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court."); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court."); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." (internal citation omitted)).

Even if plaintiff had named a suable defendant in his § 1983 complaint, his allegations fail to state a claim upon which relief may be granted. The Court can discern no plausible claim from the brief and wholly conclusory allegations of the complaint. Plaintiff asserts that his rights have been violated and that he is being mistreated, but he neither provides details nor describes any actual events. Plaintiff's allegations are merely conclusory statements without any factual support.

In addition, this action is also subject to dismissal as factually frivolous because plaintiff's allegations lack an arguable basis in either law or in fact. In the complaint, plaintiff alleges he is entitled to recover thousands of trillions of dollars in damages based on a claim that entirely lacks factual support. Such demands and allegations rise to the level of the irrational or wholly incredible. The Court therefore concludes that plaintiff's allegations and requested relief are "clearly baseless" under the standard articulated in *Denton.* 504 U.S. 25, 31 (1992).

Finally, this action is also subject to dismissal as malicious. Plaintiff has submitted to this Court an astonishing number of civil complaints, in a short period of time, composed in roughly the same factually unsupported and disjointed manner, against basically the same group of governmental entities or employees of these entities. Plaintiff submits the pleadings in bulk and specifies that he intends each set of pleadings to be docketed as an individual civil action. The Court has received multiple envelopes containing more than ten (10) cases from plaintiff in the past month. The nature of those pleadings and plaintiff's claims for damages are roughly the same

as those in the instant action. It therefore appears that this action is part of an attempt to harass these defendants by bringing repetitious lawsuits, not a legitimate attempt to vindicate a cognizable right. *See Tyler*, 839 F.2d at 1292-93 (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits); *Spencer v. Rhodes*, 656 F. Supp. 458, 461-64 (E.D. N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987) (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right).

Having considered the instant complaint, as well as plaintiff's recent history of engaging in abusive litigation practices, the Court concludes that it would be futile to permit plaintiff leave to file an amended complaint in this action. The Court will therefore dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $5.62 within **twenty-one (21) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice,** pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief can be granted and for being frivolous and malicious

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot.**

**IT IS FINALLY ORDERED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this _____9th_____ day of February, 2021.

Ronnie L. White

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE